## LADD *vs.* STEVENSON & PARKER.

Where a complaint alleges that the plaintiff was in the quiet and peaceable posses-
sion of premises, and was dispossessed by the defendants, by force, or under an
illegal order made by an officer having no jurisdiction, the answer should take
issue directly upon the allegations of the complaint, or, confessing them, should
state, distinctly and positively, new matter sufficient to avoid them.

*It seems* that under the Mexican system, alcaldes, *alone,* have no judicial power
whatever. *Per* LYONS, J.

A person cannot be dispossessed of his property under an order of a court, proceeding
*ex parte* on the statement of the plaintiff, and without citation or notice to the
defendant. *Per* BENNETT, J.

Ch. J. HASTINGS dissenting from the conclusion to which the majority of the court
arrived.

ON the 8th day of February, 1850, Wm. Ladd, the plaintiff,
filed his complaint before Wm. B. Almond, judge of First In-
stance in and for the district of San Francisco, alleging that on
the 4th day of February, 1850, he was in the quiet and peace-
able possession of certain premises in the city of San Francisco,
and that on that day the defendants Stevenson & Parker made
application to John W. Geary, First Alcalde of the Jurisdiction
of San Francisco, for an order to remove the plaintiff from the
premises. The complaint further alleges, that under and by
reason of an illegal writ, issued by the alcalde, on an il-
legal order made by him on such application, one Towns, the
bailiff of the alcalde, forcibly dispossessed the plaintiff of the
premises, and delivered the possession thereof to Stevenson &
Parker. The plaintiff also alleges that he never had any notice,
direct or indirect, verbal or written, of the application for the
said order, or the issuing thereof, until the same was executed.
The prayer of the complaint is, that the order of the alcalde
may be set aside, and that the plaintiff may be restored to the
possession, and may recover damages for the forcible and ille-
gal entry of the defendants. A copy of the writ issued by the
alcalde was annexed to the complaint.

The defendants, Stevenson & Parker, put in their answer,

Ladd *v.* Stevenson.

the only material part of which, (if, indeed, any portion of it can be said to be material,) is *verbatim* as follows : "And for "answer, these defendants say that the writ set forth in the "said petition and copy thereof annexed to same, was issued "at the application of these respondents, and the facts stated to "have been ascertained by the said alcalde were and are true. "These respondents represent that as partners they are the legal "owners of the real estate set forth and described in said peti- "tion, and that they were in the quiet and peaceable possession "of the same until the said Ladd, with force and violence, at- "tempted to take possession thereof; that before he entered "on said real estate, which he did as a trespasser, the agent of "respondents requested and forbid him doing so, and repre- "sented to him that the property belonged to your respondents, "and was in their possession and under his control, for in that "notwithstanding he entered with his house, and commenced "building, and placed some lumber upon the same, which, in "pursuance of the alcalde, was removed therefrom without any "injury thereto. Having fully answered, pray the court to dis- "miss said petition."

To this answer the plaintiff put in exceptions in the civil law mode of proceeding, on the ground that the answer did not except to, nor in anywise contest, the allegations in the petition; that the order of the alcalde was void for want of jurisdiction, and that the plaintiff had no citation or notice to appear before the alcalde, but that the answer relied solely upon matter, which was wholly irrelevant.

The cause was heard in the court of First Instance on the complaint, answer and exceptions, and judgment was rendered in favor of the defendants. The plaintiff appeals from that judgment.

*Horace Hawes*, for plaintiff.

*Hart & Shaw*, for defendants.

*By the Court*, LYONS, J. This is an action instituted by plai-

tiff to recover possession of certain lots of land, from the quiet and peaceable possession of which, it is alleged, he was ousted by the defendants, acting under and by authority of an order issued by the First Alcalde.

The petition alleges that on and before the fourth day of February, plaintiff was in lawful, quiet and peaceable possession of the lots described, and that on said day defendants and others, claiming to act under an order of the first alcalde, entered forcibly on the premises and ousted him from such possession; and he prays to be reinstated therein.

The answer sets up, that defendants were and are the legal owners of said lots, and that previous to the entering of plaintiff thereon, which he did with force and violence, they were themselves in possession. Plaintiff filed in the court below exceptions to the answer, in the nature of a demurrer, on the ground that it neither denied, nor confessed and avoided, any of the material allegations of the petition. The court overruled the exceptions, and rendered judgment in favor of defendants; from which ruling and judgment plaintiff appeals.

The answer certainly does not take issue upon any of the material allegations in the complaint, neither does it admit the allegations to be true, and seek to avoid them by new matter set up in avoidance, one of which should have been done. It attempts to change the whole nature of the investigation by tendering a new and distinct issue, and making the material question to be tried, not whether Ladd, at the time he charges, was in the quiet and peaceable possession of the premises, and was ousted by Stevenson & Parker, under the illegal order of the alcalde, but whether Stevenson & Parker were at some previous time in possession, of which they were illegally deprived by Ladd. This is clearly not the issue that should have been presented. If the defendants, being in quiet possession, were deprived of it by Ladd, as alleged, a court of competent jurisdiction would have afforded the means of redress; of this they seem to have been aware, but mistook the proper court. The alcalde, at whose hands this redress was sought, has, *alone*, no judicial power whatever. (*Feb. Mej. art.* 35, *fol.* 371, § 35;

Ladd *v.* Stevenson.

*Id. fol.* 365, § 16; *Digest Mex. Laws*, § 3, *art.* 14, *fol.* 23.)
Nor can the jurisdiction of that officer be extended or enlarged
by consent of parties. With certain exceptions, of which this
case is not one, every suit must be brought before the judge of
First Instance. (*Escriche, fol.* 238; 4 *Feb. Mej.* 381-2; *Id.
5th, fol.* 134; 3 *Pandectas Hisp. Mej. fol.* 221, *art.* 88;
*Escriche*, 263-4; *Sala*, 360, § 11; *Id.* 364, § 13; *Dig. Mex.
Laws, fol.* 20, *art.* 9.) But if parties *could* confer jurisdiction,
it does not appear that in this case plaintiffs tacitly or other-
wise consented to do so. The proceedings before the alcalde
were *ex parte ;* Ladd was not cited, nor did he appear to defend
his interests in the court whence the order issued.

When a party is in quiet and peaceable possession of lands,
the law will not sanction any invasion of his rights by force.
We think the order of the alcalde, being illegal, was null and
void, consequently the acts of Stevenson & Parker must be
viewed as if no such order had issued, and the dispossession of
Ladd was a forcible entry. When he has been restored to the
possession of which he was thus improperly deprived, it will
then be time to try the issue sought to be presented in the an-
swer of defendants, whether at some period previous to the
4th of February they were in quiet possession, and were de-
prived thereof by force.

To hold any other doctrine would be to declare that a party
might with force and violence oust a possessor, and when he
sought to be reinstated, in the manner pointed out by law, re-
quire him to exhibit a good and perfect title before he could be
restored to the rights of which he had been illegally deprived.

It is therefore ordered, adjudged, and decreed, that the ruling
and judgment rendered in the court of first instance be an-
nulled, avoided and reversed, that there issue an order of re-
pleader, commencing with the answer of defendants ; so as to
present for trial the question whether Ladd was in peaceable
possession of the property at the time he was ousted in the
manner set forth in petition. Appellees paying costs of this
appeal.

Ladd v. Stevenson.

BENNETT, J. The order made by the alcalde was void for his failure to acquire jurisdiction over the person of the defendant. This summary method of putting a person out of possession of premises, of which he is in the quiet and peaceable occupation, on an *ex parte* statement, and without citation, or notice in any way of the proceedings, is a novel mode of administering justice, to which I cannot give my assent. The alcalde's order being void, the allegations of the complaint are simply, that the plaintiff, while in the peaceable occupation of premises, was violently dispossessed by the defendants. That makes out a sufficient cause of action to entitle the plaintiff to be restored to the possession, and requires the defendants either to deny such allegations directly and unequivocally, or to confess and avoid them. They have done neither; but instead thereof, have inserted in their answer a confused and unintelligible statement of something, in a manner unknown to any system of pleadings with which I am acquainted. I think the judgment should be reversed with leave to the defendants to apply to the district court of San Francisco to amend their answer on such terms as the court shall deem proper.

HASTINGS, Ch. J. (dissenting.) I concur with the majority in that part of their opinion which declares the proceedings before the alcalde void; also in that part which refers to the issue that should have been formed and tried in the court below; but I cannot assent to those parts of the opinion which represent that the respondents, by their answer, admitted the quiet and peaceable possession of appellant as averred in his petition. The appellant, on his part, represents that on a day mentioned he was in the quiet and peaceable possession of the premises in controversy, which, if true, or admitted, would entitle him to recover, but the respondents deny the averment of this appellant, and put the same in issue, not in the technical form of making such an issue, but in substance, by declaring, " that they were in " the quiet and peaceable possession of the same until the said " Ladd with force and violence attempted to take possession " thereof;" and that he entered upon said real estate as a tres-

Ladd *v.* Stevenson.

passer; that the agent of respondents, at the time, represented to appellant that the property belonged to respondents, and was in their possession. The question is not what was the remedy of respondents, nor what ought to be the decision of the court below upon a trial on the merits. If the appellant was in the quiet enjoyment of actual possession, and was forcibly ousted by the respondents, with the aid of illegal interference on the part of judicial officers, he ought to recover the same and hold it until ejected therefrom by due course of law; but if the averments of the answer be true, he was not in such possession, he was a naked intruder, interrupting the respondents in the peaceable possession of their premises, when he was forcibly expelled. As well might it be said that he who forcibly, and with violence, enters a room in the temporary absence of the tenant, can sustain an action for recovery, because he was forcibly ejected therefrom on the return of the tenant.

If the statements of the respondents then be true, the appellant would have no right to recover the possession, obtained through force and violence and by his own tortious acts; and the facts stated by respondents being inconsistent with the truth of the petition, the case is substantially at issue. It was unnecessary for the respondents to admit or deny that part of the complaint in relation to the illegal proceedings of the alcalde. Those proceedings should not have been set forth in the complaint, and should be rejected as surplusage, and if exceptions perform the office of demurrers, the court below should not only have overruled the exceptions in this case, but should have directed appellant to amend his complaint. If there were any rules of practice in this State regulating the forms of proceedings before courts of First Instance it would perhaps be proper to award a repleader; but by the acts of 28th of February, imperfections, errors and irregularities in pleadings are to be disregarded; and believing that in substance there is an issue before the court below upon the question of peaceable and quiet possession at the time mentioned in the complaint, I think the court below did not err in overruling the exceptions, and that the issue should then have been tried on its merits, not-

withstanding notice of appeal had been given, and that this court ought not to entertain jurisdiction; the decision of the court below being on a collateral question and not conclusive as to the true points in issue.