# SUPREME COURT.

## OSTROM, RECEIVER, &c., agt. BIXBY.

The complaint was upon a promissory note. The *answer* admitted the making of the note, but denied that it was for the accommodation of defendant; and alleged that it was for the accommodation of the assignor of plaintiff, and belonged to him to pay. The defendant then set up the *statute of limitations*.

On motion to strike out that part of the answer which set up the statute of limitations, as a *sham* and *inconsistent* defence, *held*, that it was *neither*. Why? Because it was not *false*. (*The definition of a sham plea as given by Justice* BARCULO *in Nichols agt. Jones*, 6 *How. Pr. R.* 355, *approved.*)

*It seems* that there is no provision in the Code which allows answers to be struck out on the specific ground of *inconsistency*, as such. They must appear to be *false* before such a motion can be entertained.

Whether the doctrine expressed in Mier agt. Cartledge, (8 *Barb.* 75,) that if a pleading is *verified*, as required by the Code, a motion to strike it out as false cannot be entertained, ought not to receive further consideration before it is adopted as the settled practice?

This is a motion to strike out that part of the answer which sets up the statute of limitations as a sham defence, and inconsistent with the further defence set up in the answer. The complaint alleges that Jones, the assignor of plaintiff, signed with defendant a note made for defendant's accommodation; that Jones subsequently paid the note, and thereby defendant became liable to pay the plaintiff as assignee and receiver of Jones. The answer admits the making of the note, but denies that it was for the accommodation of defendant, and alleges that it was for Jones' accommodation, and that it belonged to Jones to pay the note. The defendant then sets up the statute of limitations, averring that the alleged demand in the complaint accrued more than six years before the commencement of the suit, &c. The plaintiff insists that this is a *sham* answer, and should be stricken out under § 152 of the Code.

> Mr. FARWELL, *for Motion.*
> D. BROWN, *Opposed.*

BACON, Justice. There has been considerable discussion as to what is a sham answer or defence—some judges holding that the word is not synonymous with *false*, but applies only to cases where the answer takes issue upon some immaterial averment in the complaint, or sets up new and irrelevant matter; but I am inclined to accept the definition of Justice BARCULO, in Nichols agt. Jones, (6 *How.* 355,) that the essential element of a sham plea is its *falsity*, and that a false plea is necessarily a sham plea. But the falsity must be made clearly to appear, either necessarily and inevitably patent upon the very face of the pleading, or by uncontradicted affidavits of its falsity. Now I cannot perceive the inevitable falsity of the defence of the statute of limitations in this case. The defendant admits that he made the note, but denies the allegation that it was for his own benefit, and that he was bound to pay it. On the contrary, he asserts that he signed for the plaintiff's benefit, and upon him devolved the primary obligation to pay, and this is the issue raised by the answer.

He then adds as a further and substantive defence, that any

Ostrom, receiver, &c., agt. Bixby.

alleged cause of action and demand which the plaintiff sets up is barred by the statute of limitations.

The defence proceeds upon different grounds, but it cannot be said that one or the other is necessarily false. Suppose the defendant fails in establishing the fact that he asserts, that he signed for the plaintiff's benefit, shall he not be permitted to fall back upon the other ground and avail himself of that statute of repose which was intended to bar and defeat a cause of action, however perfectly it might otherwise exist, and be fully and entirely proved? This seems to me to be a reasonable conclusion, and I think the defendant cannot in this way be deprived of the benefit of this answer. Under the system of pleading as it existed before the Code, the practice of striking out false pleas was well established, and yet it was always allowed to plead the statute of limitations, with the general issue, and a motion to strike it out as a false or sham plea was never heard of. *Gra. Prac.* 2d ed. 245.

But the plaintiff further insists that the defence of the statute of limitations should be struck out as inconsistent with the other defence set up in the answer, and to sustain this position, he relies on the cases in 4 *Sand. S. C. R.* 664, 680, and 8 *How.* 356. In the first case it was held, that in an action of assault and battery, a defendant could not deny the assault and then add a plea of *son assault demesne.* In the second case, which was an action against a carrier, the court held that the defendant could not be allowed to answer first, that he was not the owner of the vessel, and secondly, that the property was delivered to the plaintiff. Now it should be remarked that there is no provision in the Code which allows answers to be struck out on the specific ground of inconsistency as such. It is only when it can be affirmed of an answer, that it is necessarily false, as standing connected or contrasted with another answer or defence on the same record, that a motion to strike it out is authorized, or can be entertained. This is substantially the ground upon which Justice CRIPPEN proceeds in the case in 8 *How.* 356, in which he held, that where a defendant in an action of assault and battery and false imprisonment

Ostrom, receiver, &c., agt. Bixby.

denied the whole complaint, and each and every allegation thereof, he could not, as a further defence, set up new matter in justification of the alleged assault. They are not simply inconsistent—one or the other answer is false. "The denial of the assault and false imprisonment," says Justice CRIPPEN, "cannot be reconciled with the new matter set up in justification. One or the other *is not true.*" Upon this ground those decisions may be maintained; but I should hesitate before carrying the rule any further than it can be applied to the case of an answer shown or conceded to be false. But in this case, I do not consider the defence of the statute of limitations as necessarily false. I cannot perceive why it may not stand as an additional and subsidiary answer; which, while not inconsistent with the issue raised by the other part of the pleading, may supplement the defence, and if not overcome by proof of payment, or a new engagement to pay, affords, of itself, a perfect answer to the action.

There is, perhaps, another and sufficient answer to this motion, arising from the fact that the answer in this case is *verified.* In the case of Mier agt. Cartledge, (4 *How.* 115,) a motion was made at special term to strike out the answer as false upon affidavits showing a state of facts entirely inconsistent with the truth of the answer. The motion was granted; but on an appeal to the general term, the decision was reversed on the ground, that if an answer or other pleading is *verified,* as required by the Code, a motion to strike it out as false cannot be entertained, (8 *Barb. S. C. Rep.* 75.) I confess I have some hesitation in fully subscribing to this doctrine, and the point should perhaps receive some further consideration before it is adopted as the settled practice of the courts of this state. (See opinion of BARCULO, 6 *How.* 355, and note at end of the case.)

I prefer, however, on this motion to place my decision on the grounds heretofore stated and discussed, and the result is, that the motion is denied; but as the point is now for the first time presented, under pleadings of the character of those in question in this case, and the application was not without apparent authority to warrant it, it is denied without costs.