# CASES ARGUED AND DETERMINED

IN

# THE SUPREME COURT,

JANUARY TERM, 1858.

~~~~~~~~~~~~~~~~

## BIRD v. LISBROS.

In an action of ejectment, brought solely on the prior actual possession of the plaintiff, the defendant being a mere trespasser, the latter cannot justify his act by showing the true title to be outstanding in a third person.

But when the plaintiff in ejectment does not rely on prior possession, but on strict title, the defendant in possession, having a good *prima facie* right, may set up and show the true title to be in another party, for he thereby proves that the plaintiff has no title with which to overcome that which the law presumes to exist in the defendant by virtue of his actual possession.

Prior possession is evidence of title; but this evidence may be destroyed by abandonment.

Where the plaintiff relies solely on the possession of his grantor, having no other title, the defendant will be allowed to show that the grantor of the plaintiff, prior to conveying to plaintiff, had abandoned the land.

Such a showing would defeat plaintiff's action, in the same manner as if his grantor had made a prior conveyance to a third party.

In such a case, all the evidence of plaintiff's title rests upon the acts of his grantor, all of which he is bound to know, when another party is, at the time of his purchase, in actual adverse possession.

A party in possession of land is deemed in law the owner, against all persons but one having superior title thereto; possession is evidence of title, and the possessor, in conveying, is deemed to convey the title itself, sufficiently to enable his grantee to maintain ejectment against a mere trespasser.

APPEAL from the District Court of the Ninth Judicial District.

This was an action of ejectment, to recover the possession of premises, and damages for the detention of the same. The com-

Bird *v.* Lisbros.

plaint contains two counts. The first sets up title and right of possession in plaintiff, by virtue of deeds of conveyance, from Downer and Garlow, who were, on the thirtieth day of July, 1855, seized and possessed of the premises in controversy. That Downer and Garlow, on that day, sold and conveyed the same to Ralph Bird, who took possession under said conveyance. That on the twenty-second day of February, 1856, Ralph Bird conveyed to plaintiff.

The second count sets up prior possession in plaintiff, dating from the twenty-first day of February, 1856.

Answer—general denial.

*Robinson, Beatty & Botts,* for Appellant.

Plaintiff proved some very doubtful acts upon the part of Downer and Garlow, to establish prior possession; such as, an enclosure, with a brush-fence, of some eight or ten acres, within which the lot in dispute, and many others, were enclosed.

There is no pretence to trace the title beyond Tatham, who took it up as public land, and sold it to Downer and Garlow. There are two ways, and two only, by which a plaintiff can establish his right to oust the actual occupant of real estate :

1. By the exhibiting a paper title, tracing back to an acknowledged source.

2. By proof of prior possession.

A deed from one having no title is a nullity; for the grantor can convey no more than he has. A deed from one who has no title, when taken with faith in the grantor's title, has sometimes been called color of title, and has been held available, for the purpose of extending an actual possession of a part, constructively to the whole tract included in the deed; but this is as far as this fictitious absurdity extends. It never has been held that color of title was sufficient to put an actual occupant to the proof of his title. This point has been decided by this Court. Norris *v.* Russell, 5 Cal. R., 250.

To succeed, the plaintiff must rely on the proof of his prior possession. Plume *v.* Seward, 4 Cal. R., 96.

Where a party can show nothing but a prior possession, that reliance may fail, if it be shown that he voluntarily abandoned his possession, without the intention of returning. Bequette *v.* Caulfield, 4 Cal. R., 279.

Mere possession, although evidence of title, is neither title nor an interest in lands. It is therefore not susceptible of conveyance or transfer. The actual occupant may, for a valuable consideration, abandon, and permit another to enter; but, in such a case, the new occupant holds by right of his own possession, and not in consequence of the possession of his predecessor.

There is no proof that the plaintiff ever was in possession. The only fact constituting possession is a fence, consisting part-

ly of brush and partly of a ditch, with which the eight acres were enclosed by Tatham, and Downer and Garlow, in February, 1854.

On the trial below, on cross-examination of Ralph Bird, plaintiff's grantor, plaintiff asked witness : " Did you abandon and relinquish all your right to the ground in dispute, to one Richardson, in the month of July, 1855, and did Richardson take possession of the ground by virtue of that relinquishment ?" To which question plaintiff's counsel objected, and the objection was sustained by the Court. This was error in the Court, and against the doctrine laid down in Bequette v. Caulfield, before cited.

Plaintiff should show affirmatively that he has not abandoned his possession ; that is, his possession should appear continuous and unbroken, up to the time of the ouster.

*Joseph N. Lewis* for Respondent.

To establish the first count, plaintiff introduced a deed of conveyance from Ralph Bird to himself, and also a deed of conveyance from Downer and Garlow to Ralph Bird. Plaintiff showed that the premises in controversy, as a part of a field, had been enclosed by a brush-fence and a ditch, in the summer of 1854. Downer and Garlow sold and conveyed a part of said tract, so enclosed, to Ralph Bird, plaintiff's grantor. At the time of the sale, Ralph Bird entered upon the property, and laid out the town of Oroville. Subsequently, Ralph Bird sold and conveyed the property to plaintiff, and possession was delivered, by an actual entry upon the premises. These conveyances, and the entry that was made under them, in the presence of the grantor, and by his consent, under the rules of the common law were sufficient. 2 Black. Com., 311.

The statute of this State dispenses with an actual entry, and livery is made by operation of law, and a conveyance vests the vendor's title without an entry. Comp. Laws, p. 518, § 34.

To support the second count, plaintiff proved that Downer and Garlow sold the property in controversy, as part of the enclosed field, to Ralph Bird, and that Ralph Bird took possession under color of title, there being no adverse possession at the time, in any one. Ralph Bird, being in possession of the entire tract, at the time he conveyed to plaintiff, passed his possession to the plaintiff. A party entering and claiming title *bona fide*, acquires in law actual possession, to the extent of the boundaries contained in his title, whether it be valid or not. Hoge v. Swan, 5 Md. R., 237.

Upon the doctrine of prior possession, plaintiff is entitled to recover, and to this end it is immaterial whether Ralph Bird abandoned the premises in controversy before the sale or not.

The act of abandonment, even if it were true, could not apply

to this case, since the plaintiff's right commenced prior to any that the defendant sets up.

The leading assignment of error, in this case, is the ruling of the District Court upon the following question : " Did you abandon and relinquish all your right to the ground described in deed ' D ' to one Richardson, in the month of July, 1855 ; and did Richardson take possession of the ground by virtue of that relinquishment ?"

The appellant contends that the object of this question was to show that Ralph Bird had abandoned the premises in controversy, before he executed his deed to plaintiff. It does not appear, from the record, that this was the object of the question.

The rulings and judgments of every Court are presumed to be correct, until the contrary is shown. The intendments of law are always in favor of such judgments. Grewell *v.* Henderson, 7 Cal. R., Jan. T., 1857 ; 2 Cal. R., 99, 145.

The question of abandonment and relinquishment was a question of fact for the jury to determine from the evidence, and not to be stated by the witness.

The question was improper, in this : First, that it is improper to ask a witness the intent with which a certain act is done. 2 Starkie Ev., 572.

Second, that, in all its branches, it related to new matter, and was not responsive to any question called out on the direct examination. Thornburg *v.* Hand, 7 Cal. R., Jan. T., 5 Cal. R., 450.

Third, that, if the object was to establish an abandonment, the question, in the form and matter that it presents, negates all such objects.

Fourth, that, if the question had any leading object as evidence, by its form and matter, it was to establish a right to the property in Richardson, from whom the defendant pretends to derive his right. Winans et al. *v.* Christy et al., 4 Cal. R., 70.

A prior possession is evidenced by notorious acts of ownership, such as selling it by deed, for a valuable consideration, and the recording of the deed creates such an interest in land as makes it property, and the subject of sale, and is such an interest as can only be conveyed by deed. Howard *v.* Easton, 7. J. R., 205.

The error, if any, committed by the District Court, in overruling questions that were asked witness Ralph Bird, on cross-examination, was cured by subsequent cross-examination, on the same subject-matter. Montgomery *v.* Hunt, 5 Cal. R., 366.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This was an action to recover the possession of premises situated upon public land. On the trial of the cause in the Court

below, the counsel of defendant asked the witness, Ralph Bird, the plaintiff's grantor, " whether he had not relinquished and abandoned all his right, to one Richardson, in July, 1855, and whether Richardson had not taken possession of the premises, by virtue of that relinquishment?"

In the case of McMinn *v.* Hays, 4 Cal. R., 209, it was said: " The prior possession of Williams, the plaintiff's grantor, was sufficient to maintain a recovery in ejectment." And, in the opinion of the Court in the same case, it was also said: " The fair deduction from the record is, that, at that period, the tenancy of Palmer ceased, and, consequently, Williams was entitled to possession, and the acts of Shattuck, as his agent, removes any idea of his abandonment of the premises." And in the case of Bequette *v.* Caulfield, 4 Cal. R., .278, the learned Judge who delivered the opinion of the Court said: " We have often held that possession is evidence of title; but it is equally true, that possession gives a right of action against a mere trespasser, even when title may be shown to exist in another. So, where a party can show nothing but a prior possession, that reliance may fail, if it be shown that he voluntarily abandoned his possession, without the purpose of returning."

In these cases, it is clearly held that prior possession is *evidence* of title; and that this evidence may be destroyed by abandonment. And it would seem to be clear that, if a party can acquire a title by possession, he may destroy it by abandonment. If, however, the possession were continued for a period corresponding with the Statute of Limitations, then it might admit of great doubt whether the party could destroy the evidence of his title by simple abandonment.

But the question in this case is, whether the defendant, not having connected himself with Richardson's title, and not having shown that the plaintiff was aware of the alleged abandonment of his grantor, can be allowed to show his abandonment?

It was held, in one of the cases cited, that a mere trespasser cannot show title in a third party. This is no doubt true, as a general proposition. But it is not of universal application. For example, we will suppose A has the true title, but not the actual possession of real estate, and B takes possession, and C then ousts B of his possession. In a suit by B to recover possession from C, the latter cannot set up in bar the outstanding title of A. The possession of C gives him a *prima facie* title; but the prior possession of B proves superior to this *prima facie* title of C. If it were otherwise, and a mere trespasser upon the *prior actual* possession of a party could justify his act by showing the true title outstanding in a third person, no party to the suit, then a prior possessor might never gain any repose by virtue of his adverse possession, and could never gain a title under the Statute of Limitations. In the case supposed, were this the rule, C could

turn out B, and justify; and D, for the same reason, could, in turn, oust C. The true owner not being disposed to assert his superior title, there could be no repose obtained by the several trespassers, as between themselves.

But when the plaintiff in ejectment does not rely on prior possession, but on his strict title, the defendant in possession having a good *prima facie* right, may set up and show the true title to be in another party. By showing this fact, he proves that the plaintiff has no title with which to overcome that which the law presumes to exist in the defendant by virtue of his actual possession.

But this case presents a different question. The defendant did not simply offer to show that there was a superior outstanding title in a third party, but that the grantor of plaintiff, by his *own act*, had abandoned the premises, and thus destroyed the only *evidence* of his title. In ejectment, the plaintiff must show title in himself as against the defendant. But when he fails to show *any* title in himself, he must fail. Suppose that the defendant had proved that Ralph Bird had previously conveyed the property in controversy to another party. He certainly could have done so, and this would have defeated the plaintiff's action. And if he could have shown that no title was in plaintiff, because of this act of his grantor, he must be allowed to show that, by the act of Ralph Bird in abandoning the premises, there was no title in the plaintiff. In the case of Bird *v.* Dennison, it was substantially held, that when a party relied upon possession (whether of himself or of his grantors,) as his *sole* evidence of title, he must be held to know the acts of those through whom he claims; and that the actual adverse possession of a party, at the *time* the deed was made, was notice to the purchaser. The purchaser is bound to know the *chain* of title through which he claims; and if that chain only leads him back to the possession of his grantors, and the period of that possession is short of the time fixed by the Statute of Limitations, he must be held responsible for *all the acts* of those through whom he claims. All his evidence of title rests upon the acts of his grantors; and if he claims the benefit of some of their acts, he must share the responsibility of those that may be against him, when another party is, at the time of his purchase, in the actual adverse possession of the premises.

If these views be correct, the question was proper, and should have been allowed. It did not matter whether the defendant claimed under Richardson or not; Ralph Bird, as alleged, having, by *his own act*, destroyed all evidence of title, had no title to convey to the plaintiff; and as the premises were, at the date of the deed, in the adverse actual possession of others, the plaintiff had notice, and purchased at his peril.

It is insisted by the defendant, that, to maintain ejectment

under prior possession, the plaintiff must show such possession in himself; that possession is mere evidence of title; but is not title itself, and therefore cannot be conveyed to another.

But the answer to this objection is very simple : Possession is evidence of title ; and the party in possession is therefore deemed, in law, to be the owner ; and when he conveys the land to another, he is deemed, in law, not to convey his evidence of title, but the title itself, of which the law, by reason of such evidence, adjudges him the owner, as against all others not having a superior title. This point was decided by this Court in the case of McMinn *v.* Hays, already cited.

The judgment of the Court below should be reversed, and the cause remanded for further proceedings.