PIERCY v. SABIN et als.

Under section forty-six of the Code there are only two classes of defence allowed. The first consists of a simple denial; and the second, of the allegation of new affirmative matter. And as the Code has abolished all distinctions in the forms of action, and requires only a simple statement of the facts constituting the cause of action or defence, these two classes of defence must be the same in all cases.

The intention of the Code is to adopt the true and just rule that the defendant must either deny the facts as alleged, or confess and avoid them.

Where new matter exists it must be stated in the answer.

New matter is that which, under the rules of evidence, the defendant must affirmatively establish. If the onus of proof is thrown upon the defendant, the matter to be proved by him is new matter.

A defence that concedes that plaintiff once had a good cause of action, but insists that it no longer exists, involves new matter.

The Code makes no distinction between different classes of new matter. All new matter of defence must be stated in the answer.

Two of the leading ends contemplated by the Code are, simplicity and economy. As contributing to the attainment of these ends, it was the intention of the Code to require the pleadings to be so framed as not only to apprise the parties of the facts to be proved by them respectively, but to narrow the proofs on the trial.

A sham answer, is one good in form but false in fact, and not plead in good faith. It sets up new matter which is false.

In an action of ejectment to recover the possession of land, where the defendant simply denied the allegation of the complaint: Held, that he could not introduce in evidence a copy of the record of a former recovery.

In such action, where the plaintiff claimed by virtue of his prior possession, the defendant will not be allowed to show that a third party had an older and better claim to the land than that of plaintiffs.

It is not error, in such an action, to allow the plaintiff to prove that while he and another party (whose interest he has since purchased) were in possession, each claimed the premises. Such proof was a part or the res gestæ, and admissible to show that the party in possession assumed to hold in his own right, and not in subordination to another.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

This was an action of ejectment to recover the possession of a tract of land. The defendants, for answer, "denied, generally and specifically, each and every allegation, matter, and showing, in said complaint contained." The cause was tried before a jury.

John Crowell was, in 1853, in possession of a tract of land known as the "Crowell tract." He had the same surveyed, and the boundaries marked off and staked, and resided on the premises. On the first day of November, 1853, Crowell conveyed the easterly half of his tract to Mary Piercy, the wife of the plaintiff. The plaintiff took possession of the tract, and enclosed the same by a ditch-fence, and built a wash-house thereon, which was used by plaintiff's family. The dividing line between plaintiff and Crowell was marked by stakes, driven about three feet apart, through the centre of the tract. In June, 1857, the defendants entered on the premises and built a small house there-

Piercy v. Sabin.

on, which plaintiff tore down.  Defendants were in possession of the premises at the time of the commencement of this action.

After the close of the plaintiff's evidence the defendants moved the Court to nonsuit the plaintiff, which motion was denied, and the defendants excepted.  The defendants then offered to prove that "at the March Term of this Court an action of trespass was tried between the defendants Wintringer and Sabin, as plaintiffs, and the plaintiff, as defendant, which action was brought to recover damages alleged to have been committed by the defendant in that action, upon the premises in question, and that a judgment was rendered against said Piercy, and in favor of said Wintringer and Sabin, for the sum of $1000, and that said judgment was in full force and effect."  This evidence was offered: "*firstly,* as evidence competent to go to the jury; and *secondly,* as a bar to a recovery."  Which evidence the Court ruled out, and defendants excepted.  The defendants then offered to prove, by the records, and other evidence, that one Ludlum, on the twenty-third day of December, 1852, filed a claim to one hundred and sixty acres of land, as required by law, under and in pursuance of the provisions of an act of the Legislature of this State, entitled "An Act prescribing the mode of maintaining and defending possessory actions," passed April 20th, 1852. That said claim embraced the land in question, and that Ludlum has from the time of filing said claim resided on said premises, and still resides on the same with his family, and that he has complied with the provisions of said act by making improvements, etc.  And further, that Crowell, before and at the time of taking possession, was notified by Ludlum of such claim and the extent.  Which testimony was ruled out by the Court, and the defendants excepted.

The plaintiff asked his witness the following question, viz.: "While Piercy was in possession of a portion of the premises described in the deed from Crowell to Mrs. Piercy, did he claim the same or the possession of the same—if so, what portion?" Defendants objected to this question, the Court overruled the objection, and the witness answered.  Defendants excepted.

Plaintiff had verdict and judgment, and the defendants appealed.

*Cook & Fenner* for Appellants.

1. The Court erred in excluding the evidence of the former suit. The defendants offered to prove that a portion of them had recovered judgment against the present plaintiff for a trespass done to the same identical property.  And it would have been a good defence that it was the property of the (then) defendants. Hyatt v. Wood, 4 Johnson Rep., 150.

The judgment was inadmissible under the pleadings.  Reynolds v. Stansberry, 20 Ohio, 344.

See, also, the case of Babe v. Elliott, 4 Barbour's Sup. Court Rep., 457, which is a case precisely like the present, except the ejectment was first brought.

2. The Court erred in excluding the evidence of the witness Ludlum.

We offered to show the property in Ludlum, as well as the possession, for the purpose of proving that neither the plaintiff nor those under whom he claimed were ever in possession—but trespassers.

It was the very question being tried, to wit: was the plaintiff or those under whom he claimed ever in possession? He shows no title.

Again: the Court clearly erred in allowing the plaintiff to prove that while he (the plaintiff,) was in possession of a portion of the premises, he claimed the same. This was allowing the declaration of the party to the suit in his own favor.

*H. S. Love* for Respondent.

The third exception taken by defendants was to the following question: "After the deed to Crowell, and while Crowell was in possession of a portion of the property described in that deed, did he claim any portion of the same—and if so, how much?"

This question was properly admitted. It has been so frequently held that the declarations of a party in possession of land, and while in possession, are competent, that it is hardly deemed necessary to cite authorities. The reason of the rule is, that the evidence rebuts any presumption that he may be holding in subordination of any other persons, and claiming to be the true owners, and that he claims to hold in his own right. He is in possession under color of title, claiming to be the true owner.

This Court carried this doctrine much further in the case of Plum v. Seward & Thompson, 4 Cal. Rep., 94, and see the cases cited by the learned counsel for the appellants.

Again: the question can not be regarded as prejudicial to the defendants' case, as the plaintiff proved by other evidence that he was in actual possession of the whole lot. As to the admissibility of the declarations of a party while in possession, see McDonald v. McCall, 10 J. R., 377; Jackson v. Meyer, 11 Wendell, 533, 599.

Again: the case was clearly made out, independent of the testimony complained of. Priest v. Union Water Co., 6 Cal. Rep., 170.

The Court decided correctly in refusing to nonsuit the plaintiff, as there was sufficient proof of possession in him; and the deed from Crowell to Mrs. Piercy, the wife of the plaintiff, is now before this Court. The husband is entitled to the possession of the real estate of his wife during coverture.

Piercy v. Sabin.

The only objections urged by the counsel for the defendants, in his brief, are :

1. Refusal to nonsuit the plaintiffs.

2. Evidence of a former recovery by two of these defendants against the present plaintiff, for a trespass committed on the same premises.

3. In rejecting the evidence of Ludlum, for the purpose of showing title in a third person, without connecting themselves with that title.

As to an offer of proof of a prior recovery in an action of trespass, to defeat an action of ejectment, the evidence was properly excluded, for various reasons :

1. It is submitted that a recovery in an action of trespass is not a bar to an action of ejectment to recover possession of real estate.

2. The former recovery was not pleaded.

In New York, the old rule, under the former system of pleading, has been somewhat modified.

In Fowler v. Haight, 10 J. R., 111; Dexter v. Hagan, Ib., 246; Brown v. Wilde, 12 Ib., 455; Miller v. Manice, 6 Hill, 121–126, (and the numerous cases there cited by the Chancellor,) the Court held that a former recovery must be pleaded in bar.

I concede that the principle of some of the above cases has been questioned, and the rule somewhat modified by the Supreme Court of New York, (Bronson, J.,) in the case of Young v. Rummell, 2 Hill, 478.

But in the latter case Judge Bronson says:  "In Coles v. Carter, 6 Cow., 691, it was held that a former recovery could not be given in evidence under the general issue—but the action was trespass, where all matters of defence which admit the original wrong, must be specially pleaded."

The case in 6 Cowen is not questioned nor overruled, and the learned Judge proceeds to say : "Although it is unnecessary to go more at large into the question, the following positions can be maintained, both upon principle and authority :

"1. A former recovery, in which the same matter was tried upon the merits, between the same parties, may be given in evidence without being specially pleaded.

"2. When the party, whether plaintiff or defendant, had no opportunity to plead the recovery specially."

It is true, the Judge mentions the action of ejectment, and why ?  Because no other plea than the plea of "not guilty" was allowed by the Revised Statutes of New York.  Not so, under the Practice Act.  Here, "the facts constituting the defence must be pleaded."

One of the principal reasons given by the commissioners under the New York Code why the then system of pleading should be altered was, to abolish the plea of the general issue, under which

almost every conceivable defence was admitted, and to compel the party to "state the facts constituting the cause of action and the defence." The Legislature of California has adopted the system laid down in New York in principle, and, in most instances, in the very language of the New York Code. By our Practice Act, if a person sets up new matter he must plead it—a former adjudication is new matter. In the former suit *non constat* the defendants put in a general denial of the alleged trespass, without pleading *liberum tenementum*, or litigating the question of title in any manner on the trial; at least there was no effort to show that it was pleaded, or that the title in any manner came in question on that trial.

As to the last objection taken by defendants' counsel, that the Court below erred in rejecting the offer of evidence by defendants, of title in a third person, without connecting themselves with that title, and that too when it was shown that they were trespassers, it is only necessary to say that the question has been too frequently decided by this Court to require argument. Chapin v. Bourne, 8 Cal. R., 294; Plume v. Seward et al., 4 Cal., 94; Tarter v. Hall, 3 Cal., 263; Redman v. Bellamy, Ib., 247; Winans et al. v. Christy, 4 Cal., 70.

The case of Hyatt v. Wood, 4 J. R., 150, has been frequently overruled by this Court. This Court holds that a party having the naked possession of land may maintain ejectment against a wrongdoer. 4 Barb., 457, cited by defendants' counsel, is not in point.

In the case of Embury v. Conner, 3 Com., (512,) at page 522, Jewett, J., says: "The general rule is, that an allegation on record, upon which issue has been once taken and found, and a judgment has been once rendered, is, between the parties taking it and their privies, conclusive."

In this case it does not appear that there was "any allegation on record" as to the title of the premises in the trespass suit, or that any "issue" as to the title "was taken or found" in that suit.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

This was an action to recover the possession of land. The defendants simply denied the allegations of the complaint; the plaintiff had judgment, and the defendants appealed.

The first error assigned by the learned counsel of the defendants is, that the Court erred in refusing to nonsuit the plaintiff. We think there was no reason to sustain the motion of defendants to nonsuit the plaintiff. The evidence was sufficient to permit the case to go to the jury.

The second error assigned is, that the Court erred in excluding the record of a former suit.

Under the old system of pleading, a former recovery could be given in evidence under the general issue, in assumpsit, trover, case, and ejectment.   In ejectment, the only plea allowed was, "not guilty."   (Miller v. Manice, 6 Hill, 115;  Young v. Rummell, 2 Hill, 478;  Reynolds v. Stansberry, 20 Ohio R., 344;  1 Ch. Plea., 507.)   But the question arises whether our Code has not changed the former rule upon this subject.   Under section 46 there are only two classes of defence allowed.   The first consists of a simple denial;  and the second, of the allegation of new affirmative matter.   And as the Code has abolished all distinctions in the forms of action, and requires only a simple statement of the facts constituting the cause of action or defence, these two classes of defence must be the same in *all* cases.

The plaintiff is required to state in his complaint the facts that constitute his cause of action;  and it seems to have been the intention of the Code to adopt the true and just rule, that the defendant must either deny the facts as alleged, or confess and avoid them.   It is certain that where new matter exists it must be stated in the answer.   The answer "shall contain a statement of any new matter constituting a defence."   The language of this section is very clear, that this new matter, whatever it may be, must be set up in the answer.   The question then arises: what is "new matter" in the contemplation of the Code itself?   New matter is that which, under the rules of evidence, the defendant must affirmatively establish.   If the *onus* of proof is thrown upon the defendant, the matter to be proved by him is new matter.   A defence that concedes that the plaintiff *once* had a good cause of action, but insists that it no *longer* exists, involves new matter.   (1 Ch. Plea., 472;  Gilbert v. Cram, 12 Howard Pr. Rep., 445;  Radde v. Birckgaher, 3 Duer, 685;  2 Keenan, 17.)

If facts which occur subsequent to the date of the original transaction do not constitute *new* matter, what facts do constitute it?   And if any subsequent matter can properly be called "new matter," must not *all* subsequent matters be equally entitled to the same designation?   The language of the Code is explicit that the "answer shall contain a statement of *any* new matter constituting a defence."   The Code makes no distinction between different classes of new matter.   *All* new matter of defence must be stated in the answer.

This feature of the Code is one of the most beneficial and obvious improvements upon the former system.   This classification of defences is simple, logical, and just.   Each party is distinctly apprised of all the allegations to be proven by the other;  and each is, therefore, prepared to meet the proofs of his adversary. The plaintiff is compelled to set out every fact necessary to constitute his cause of action, and the defendant every new matter

of defence. This is required by the true principles of pleading. (1 Ch. Plea., 526.)

Two of the leading ends contemplated by the Code are simplicity and economy. (Adams & Co. v. Hackett & Casserly, 7 Cal. Rep., 187.) As contributing to the attainment of these ends it was the intention of the Code to require the pleadings to be so framed as not only to apprise the parties of the facts to be proved by them, respectively, but to narrow the proofs upon the trial. This intention is clearly shown, not only by the spirit and general scope of the system, but by particular provisions. The different provisions of the act, when construed together and legitimately applied, lead to this conclusion.

If we take the theory to be true that under our system the defendant, by simply denying the allegations of the complaint, may give in evidence all matters which could be formerly given in evidence under the general issue, it is difficult to perceive what purpose the Code has accomplished by the provisions of section 46. The classification of defences therein found would be substantially useless. In vain has that section provided that the answer shall contain a statement of any new matter constituting a defence, when nearly all such matter could be given in evidence under a simple denial in the answer. Under the former system, almost every matter in discharge of the action could be given in evidence under the general issue.

But this theory would seem to be liable to the most substantial objections, and to lead, in practice, to bad results.

The plaintiff states the facts that constitute his cause of action. He is not required to state conclusions of law. The liability of the defendant is the result or conclusion which the law draws from the facts alleged. If a complaint should only allege that the defendant was indebted to the plaintiff in a named sum, which the defendant refused to pay, the complaint would not state facts sufficient to constitute a cause of action. The complaint must allege the facts that constitute the indebtedness. When, therefore, the facts constituting the cause of action are stated, a simple denial of these facts can properly put in issue only the constituent facts, and not the mere conclusion from the facts. The plaintiff, therefore, comes prepared to prove the facts, as alleged. But if the defendant, under his simple denial, is permitted to prove almost everything in discharge of the action, the plaintiff can not know how to avoid surprise upon the trial, unless he comes prepared to meet every possible ground that may be taken by the defendant. The result is a great and unnecessary increase of costs in many cases. The plaintiff is not to blame, because he could not know what he had to meet. The defendant is not to blame, because he only wished to deny the allegations of the complaint, and not to introduce any new

matter.   But the·rule would not allow him to do so, in a form that would apprise the plaintiff clearly of all he intended, and no more.   The rule made his answer wider than he intended. He simply denied the allegations of the complaint.   He could do no *less* if he defended at all.

If it be said that under section 49 the defendant may plead as many defences as he may have—and in this way may compel the plaintiff to come prepared to meet as many grounds as he would have had to meet under the general issue—we reply that the argument is not sound.   Under the view we have taken, the *defendant* may protect himself against unnecessary costs by only putting in issue the allegations of the complaint, or by conceding them to be true and setting up new matter, thus narrowing the proofs upon the trial.   So, under our view, the *plaintiff* is protected against sham defences, which may be stricken out on motion.   (Section 50.)   A sham answer, is one good in form but false in fact, and not pleaded in good faith.   It sets up new matter which is false.   (6 How. Pr. Rep., 355; 9 How. Pr. Rep., 57, 215, 217; Voorhies' Code, p. 177, note B.)

But if it be true that under a simple denial in the answer the defendant may give in evidence any defence formerly admissible under the general issue, the provisions of section 50, allowing sham answers to be stricken out, would possess but very little practical utility.   A simple denial could not be treated as a sham answer: and yet all the purposes of vexation could be as well accomplished by it as by separate defences.   So, the provisions of section 49, requiring defences to be separately stated, would be almost useless.   As most of these new matters could be given in evidence under the negative answer, they need not be stated at all.

Anciently, in England, the general issue was seldom pleaded, except when the defendant meant wholly to deny the allegations of the declaration.   Matters in discharge of the action were specially pleaded.   But by acts of Parliament special matter was allowed to be given in evidence, under the general issue, in certain cases, affecting public officers.   The rule was gradually extended to other cases.   It was the opinion of Sir William Blackstone that this relaxation of strictness anciently observed did not produce the confusion anticipated.   This supposition prevailed for a long time, but subsequent experience led to a change of opinion.   The result of this change was the adoption of the Reg. Gen. Hil. T. 4 W. 4, "which puts an end to the misapplication and abuse of the *general issue*, and compels a defendant in terms to deny particular parts of the declaration, and to plead specially every matter of defence, not merely consisting of denial of the allegations of the declaration."   (1 Ch. Plea., 473, 512.)

These regulations restored the ancient rule, and placed the

science of pleading upon its true principle. The framers of the New York Code, from which ours is mainly taken, would seem to have intended to accomplish the same result. It has been there held, and seems now to be the well-settled rule, that new matter must be set forth in the answer. Payment, an award, or a former recovery, must be pleaded. (Calkins *v.* Parker, 21 Barbour, 275; Brazil *v.* Isham, 2 Keenan, 17.) Such defences admit the contract as alleged, but avoid it by matter *ex post facto.*

The decisions of this Court have not been uniform upon this question. The classification of defences, under section 45 of the Practice Act of 1850, was the same as that under section 46 of our present Code. It was held by this Court, in several cases, that all new matter must be set up in the answer. (1 Cal. Rep., 18, 195, 363, 372.) But in the case of Gavin *v.* Annan, Lord & Co., (2 Cal. Rep., 494,) it was held that a general denial has the same influence as the general issue at common law, and under it accord and satisfaction may be shown. To the same effect was the decision in the case of McLarrin *v.* Spalding. (2 Cal. Rep., 510.)

In reference to mere matters of practice, involving no principle, it is safe to adhere to a rule long established. (Ellissen *v.* Halleck, 6 Cal. Rep., 394.) But we think the principle involved in this question one of too much practical importance to be conclusively settled by the decisions heretofore made. The first decisions made by this Court, as we conceive, are sustained by the reason and philosophy of the science, and by the weight of authority.

There was no error in refusing the copy of the record of the former recovery, as the answer of defendants contained a simple denial of the allegations of the complaint.

The third error assigned is, that the Court refused to permit the defendants to prove that one Ludlum had located one hundred and sixty acres of land, including the premises in controversy, under the Act of April 20th, 1852, "prescribing the mode of maintaining and defending possessory actions on public lands in this State." (Wood's Digest, 526.)

There was no error in this. The defendants did not claim under Ludlum, and the plaintiff did claim by virtue of his own possession, and also under Crowell, who had formerly been in the actual possession of the premises. Whether plaintiff's or Crowell's possession was older or better than that of Ludlum was a question that defendants could not raise, as between themselves and the plaintiff. (Bird *v.* Lisbros, 9 Cal., 1; Welch *v.* Sullivan, 8 Cal., 165.)

There was no error in allowing the plaintiff to prove that while he and Crowell were in possession each claimed the premises. The fact of claiming the property was part of the *res gestæ,*

and admissible to show that the party in possession assumed to hold in his own right, and not in subordination to another.

Judgment affirmed.