ANDREAE et al. v. BANDLER et al.

(Supreme Court, Special Term, New York County.    March 9, 1899.)

1. PLEADING—FRIVOLOUS ANSWERS.
  An answer is not frivolous, within Code Civ. Proc. § 537, if it traverse any material allegation of the complaint.
2. SAME—SHAM ANSWERS.
  An answer is sham, within Code Civ. Proc. § 538, only when it is clearly false.

Action by Charles H. Andreae and others against Humphrey C. Bandler and others.    On motion to strike out the amended answer. Denied.

C. C. Beaman, for the motion.

E. C. Baldwin, opposed.

GILDERSLEEVE, J.    This is a motion to strike out an amended answer as sham, and also for judgment on said amended answer as frivolous and as insufficient.    The motion is therefore based upon both sections 537 and 538 of the Code.    There is a well-defined distinction between a sham and a frivolous answer.    The former is good upon its face, but false in fact, while the latter denies no material averment in the complaint, and sets up no defense.    See Hull v. Smith, 8 How. Prac. 150.    The complaint herein sets forth a contract between the parties by which plaintiffs were to manufacture for defendants certain goods, at the agreed price of $587.13; that these goods were to be delivered in different lots; that a portion was delivered by plaintiffs and accepted by the defendants; that the balance was afterwards tendered by the plaintiffs, but refused by the defendants without cause; that plaintiffs notified defendants that they would hold the goods for their account and risk; that plaintiffs' charges for storage are $50; that defendants neglected and refused to call for or receive the goods, which plaintiffs still hold; that plaintiffs have duly performed all conditions on their part to be done; and that the sum of $587.13 is due from defendants to plaintiffs, with interest.    The amended answer is a general denial, except that it admits the making of the contract, that defendants received the first lot of goods, that they have not called for or received the goods alleged to have been tendered to them, and that they have paid no part of the sum alleged in the complaint to be due.    It will therefore be seen that the amended answer puts in issue the allegation of the complaint that the balance of the goods was tendered by the plaintiffs to the defendants, and that the defendants refused to

accept them without cause; also, the allegation that plaintiffs have duly performed all conditions on their part to be done; also, the allegation that the sum mentioned in the complaint is due; and, also, that defendants were notified that plaintiffs held the balance of the goods subject to defendants' order. Under these circumstances, the answer cannot be said to be frivolous. A frivolous pleading is one which does not contain any valid defense, and whose insufficiency appears upon mere inspection, and without argument. See Youngs v. Kent, 46 N. Y. 672; Carpenter v. Adams, 34 Hun, 429; Wise v. Gessner, 47 Hun, 306. Nor can the answer be declared sham. In general, a sham answer or defense is one which is' false, but the falsity of the defense must appear clearly, if not decisively. See Morey v. Deposit Co., 7 Abb. Prac. (N. S.) 199; Lockwood v. Salhenger, 18 Abb. Prac. 136; Ostrom v. Bixby, 9 How. Prac. 57. It is not enough that there is little prospect of the success of the defense. Kiefer v. Thomass, 6 Abb. Prac. (N. S.) 42. The court should be satisfied that the object of the pleader is delay, or to trifle with the court, or annoy the plaintiffs. Hadden v. Manufacturing Co., 1 Daly, 388.

The motion must be denied, with $10 costs, to abide the event. Notice order for settlement.