GOLD BROS. SECURITY COMPANY, Appellants, v. HAN-
KEN, et al., Respondents.

(187 N. W. 636.)

(File No. 4924.   Opinion filed April 10, 1922.   Rehearing denied
May 16, 1922.)

**Pleadings—Replevin by First Mortgagee, Non-plead Defense of Mortgagee's Conversion After Suit Brought, Whether Erroneous.**

In a replevin suit by a first mortgagee against a second mortgagee who was in possession under another replevin suit, general denial having been pleaded, defendant was permitted on trial to prove a conversion of the property by plaintiff, after suit brought, through a sale on the market and without foreclosure, without thus destroying its lien, this without a supplementary answer.   **Held,** the admission of such evidence was prejudicial error; that while every defense general or specific may be made under general denial, this does not include affirmative defense, which is required to be specifically pleaded, since such new matter must be affirmatively established, therefore must be pleaded affirmatively; and where a defense must be pleaded specially, the omission to plead is not cured by introduction of evidence in support thereof; and even under the Code system of pleading, matter arising subsequent to institution of suit cannot be shown under general denial.   To thus change the issue from that of right of possession to that of conversion was reversible error.

Appeal from Circuit Court, Corson County.   Hon. RAYMOND
L. DILLMAN, Judge.

Action by Gold Bros. Security Company, a corporation, against A. B. Hanken, and T. Douglas as Sheriff of Corson

County, South Dakota, in claim and delivery. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

*Martens & Goldsmith,* and *George H. Puder,* for Appellant.

*McNulty & Campbell,* for Respondent.

Appellant cited: Schlessinger v. Cook (Wyo.), 62 Pac. 152; Tulsa Rig, Reel & Mfg. Co. v. Arnold (Okla.), 166 Pac. 135.

Respondent cited: Conner v. Knott, 8 S. D. 304, 66 N. W. 461.

ANDERSON, J. Plaintiff had a first mortgage on 45 head of three year old steers, and 109 head of from three to six year old cows, branded quarter circle P on right hip. Defendant had a second mortgage on the same cattle. Defendant had, in an action in replevin, aided by claim and delivery, taken possession of these cattle for the purpose of foreclosure. Whereupon plaintiff, in a replevin action likewise aided, took possession of the same cattle from the sheriff, who was holding the same for the defendant. By its complaint, plaintiff claims the right to possession under its mortgage. Defendant in his answer pleads a general denial, which raised only the question of right to possession. Trial was had. Plaintiff offered in evidence its mortgage, thus establishing its right to possession, and rested. Defendant, without any supplemental answer, offered evidence for the purpose of proving that, since the action was commenced, plaintiff had converted the cattle and therefore destroyed its mortgage lien. This evidence was received over proper objection. From the evidence thus received it appears that plaintiff, after getting possession of the cattle, instead of foreclosing its mortgage and selling the cattle at public sale pursuant to such foreclosure, caused the same to be sold on the market and the proceeds of the sale was credited on the notes secured by the mortgage. At the close of all the evidence both plaintiff and defendant moved for directed verdict. Thereafter the trial court made findings, conclusions, and entered a judgment in favor of defendant and against plaintiff in the sum of $11,473. From this judgment and an order denying motion for new trial, plaintiff appeals.

Appellant contends that the trial court committed reversible error in permitting defendant over objection and without supplemental pleadings to prove the conversion.

21 R. C. L. 566, § 123: "Every defense, general or special, meritorious or technical, may be made under general denial including, under the law in some jurisdictions, the defense of the statute of frauds, but not including an affirmative defense which is required to be specially pleaded. The new matter in defense is that which defendant must affirmatively establish, and so it is a general rule that new matter must be pleaded affirmatively."

Id. § 124: "Affirmative defenses are required to be specially pleaded being new matter within the meaning of that term. The reason for this rule is that such defenses are not embraced within the ordinary scope of the denial of the material averments of the complaint, and hence it is that a plea of such defenses is necessary to advise the opposing party as to the nature and scope of the defense. * * * Where a defense must be pleaded specially, the omission to plead is not cured by the introduction without objection of the evidence in support of it and the findings of the facts in relation to it by the court."

Id. § 125: "In replevin actions where the Code system of pleading is followed the general rule prevails that a general denial puts in issue every fact stated in the plaintiff's cause of action and that every defense, general, special, meritorious, or technical, may be made under the general denial. However, it has been held that matter arising subsequent to the institution of the action cannot be shown under that plea." Piercy v. Sabin, 10 Cal. 22, 70 Am. Dec. 692; Northrup v. Mississippi Valley, 47 Mo. 435, 4 Am. Rep. 337; Stephens v. Conley, 48 Mont. 352, 138 Pac. 189, Ann. Cas. 1915D, 958.

From the foregoing it will appear that without further pleading the issue was sought to be changed from that of right of possession of the property to that of conversion. This, under the authorities, is not permitted. We are of the view that the admission of this evidence was prejudicial error.

The judgment and order denying motion for new trial are reversed, and a new trial granted.