The proof is, therefore, insufficient to make out proper notice.

Judgment reversed, and cause remanded.

---

\* ARNOLD ENGELS, Jr., & AMBROSE J. [31] HOOPER, RESPONDENTS, v. CHARLES W. LUBECK, APPELLANT.

[1] INJUNCTION, RESTRAINING PROCEEDINGS.—An injunction granted by a Court of concurrent jurisdiction, in a previous suit between the same parties respecting the same subject matter, restraining one of the parties from subsequent proceedings in reference thereto, when brought to the notice of another Court, in which proceedings had been subsequently instituted by him, in disregard of the injunction, should be respected by that Court, and operate as a stay of proceedings in the subsequent suit.

IDEM—WHO RESTRAINED BY.—An injunction operates to restrain, not only the party enjoined, but other Courts, on the ground of judicial comity.

APPEAL from the Seventh Judicial District.

This was an action of ejectment, brought by Engels & Hooper, against Charles W. Lubeck, to recover certain lands, known on the map of the City of Sonoma, as lots No. 585 and 581, and other lands, alleged to be the property of the plaintiffs.

Defendant filed a general answer of denial. On the trial, the defendant moved for a stay of proceedings in the case, on the ground that there was another suit about the same subject matter, then pending in the Fourth Judicial District

[1] Construed in *Uhlfelder* v. *Levy*, 9 Cal. 615.

Court, commenced by the defendants against the plaintiffs, prior to the commencement of this action, and produced, in support of his motion, a certified copy of the record in said action, containing, among other things, an injunction issued by the said Court, commanding and enjoining the said plaintiffs, Engels & Hooper, to desist and refrain from entering into or upon the real estate in question, or disturbing the said defendant Lubeck, in the quiet and peaceable possession of the same, etc., until the further order of the Court. The Court overruled the motion, and directed the trial to proceed. After the production of the evidence on both sides, the jury, under the direction of the Judge, found a verdict for the plaintiffs. Defendant moved for a new trial, which was refused by the Court, whereupon defendant appealed.

*Brooks & McCracken,* for Appellant.

The Court below ought to have stayed the proceedings in this suit, to abide the event of the suit in which the injunction was issued.

[32]      * *Hackett & Judah,* for Respondents.

The papers used in the motion to stay proceedings, form no part of the record, and should not be considered. (Practice Act, § 203.)

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

This appeal is brought from the Seventh Judicial District.

Upon the trial, the appellant moved for a stay of proceedings, upon the ground that he had commenced a suit in the Fourth District, involving the same matter in controversy in this suit, and had obtained an injunction against the plaintiffs, restraining them from disturbing his possession of the land in question. The record of the case, in the Fourth District, was presented to the Court in support of the mo-

tion, and it fully sustained the truth of the ground there taken. That the injunction should have operated to restrain the prosecution of this suit is undeniable. The action is for the recovery of a tract of land. The plaintiffs are enjoined from disturbing the defendant's possession of the same land. They could only lawfully disturb it by a recovery at law; they were consequently enjoined from any prosecution for that purpose.

It is said, however, that the injunction operates upon the party, and not upon the Court, and that, therefore, the Court of the Seventh District was right not to regard it, and the defendant's remedy is by attachment for contempt in the Fourth District. We prefer to lay down a different rule. The remedy suggested, for aught that we can see, may be fraught with difficulty, and involve the parties in needless expense. When a party obtains an injunction to restrain the prosecution of a suit, he acts upon the presumption that the process of the Court will be respected, and it may reasonably be supposed that he declines to make the necessary preparation for the trial of his case. This ought certainly to be considered a good reason even for granting a continuance. But we think that the propriety of the observance of the injunction, by the Court to whose notice it is brought; may be properly placed upon higher grounds. The comity which one Court owes to another, of concurrent jurisdiction, should always prevent the one from lending itself as an instrument in permitting a contempt of the *pro-    [33] cess of the other. The one should regard the party attempting to proceed in defiance of the authority of the other, as laboring under the same disability to ask for the action of the Court, as if he was an alien enemy, or under the ban of a decree of outlawry at common law.

Such being the opinion we entertain upon this point, we cannot permit the judgment to stand.

Reversed and remanded.