SACRAMENTO VALLEY RAILROAD CO. v. MOFFATT et al.

Parties in possession of land, claiming title thereto, are presumed to be the owners thereof.

Parties in possession of land are entitled to compensation before it can be taken for public uses.

Where a railroad company applies for the appointment of a commission to ascertain the value of, and condemn land, needed by it for right of way, and makes the parties in possession defendants to their application, the latter are entitled to have the land, as determined by the commission, paid to them, although third parties have given notice of their ownership of the land.

Title to land cannot be tried in such a proceeding.

APPEAL from the District Court of the Sixth Judicial District.

The Sacramento Valley Railroad Company applied to the Court below, under the act of 1853, for the appointment of commissioners to ascertain and assess the damages suffered by defendants by reason of the appropriation of their land necessary for a right of way, and the construction of a railroad thereover. The commissioners being appointed, they made the following report, of which so much is given as is necessary to explain the opinion of the Court:

Your Commissioners of the Sacramento Valley Railroad, organized on the ninth day of April, 1855, for the purpose of adjusting and assessing the damages of the right of way of land, through which the Sacramento Valley Railroad will pass, have, after receiving petitions of the several claimants upon the line of the said road; after hearing the testimony of both the claimants and the railroad company upon such petitions; and after viewing each and every petitioner's land, crops, improvements, etc., found, ascertained, assessed, and awarded damages to the different claimants, as follows, to wit:

*W. S. Moffatt.*—Land, four acres and twenty-seven one hundredths, at thirty dollars per acre, one hundred and twenty seven dollars and ten cents.   Fencing, three thousand nine hundred feet, at eighteen cents per foot, seven hundred and two dollars.   General damages, seventy-five dollars.

The foregoing land is claimed by E. F. Gillespie and W. S. Mesick.

The board of commissioners order that the value of land as-

sessed be paid into the District Court, and there disbursed to the parties legally entitled to the same.

The railroad company, having paid the full sum determined by the commissioners, into Court, it was ordered, that the part thereof representing the value of the land, be retained in Court, and that the remainder be paid to the defendants in possesion. The claimants of the land in possession, after notice to the railroad company, and the adverse claimants to the land, moved the Court below, that the value of the land be paid to them. This motion being denied, an appeal was taken from the order refusing the same.

*C. Cole* for Appellants.

The occupants are, *prima facie*, the owners of real estate.

Private property shall not be taken for public use without just compensation. Const., Art. I, § 8.

Compensation must be made to the party from whom the property is taken, and the occupants of the property must therefore be paid for whatever rights they have, even though it be naked possession. Gunter v. Geary, 1 Cal. R., 462.

But the award to the parties in possession is proper. 1 Cal. R., 465, 21 ; 21 Pick. 258.

*Edwards & English* for Respondents.

The appellants are mere occupants of the land in question, without pretence of better title. The respondents claim under a better title. It is not competent for the District Court, upon a mere notice of either of the parties, to determine their rights. For this purpose, under the Constitution, they are entitled to a trial by jury.

TERRY, J., delivered the opinion of the Court—MURRAY, C. J., concurring.

The plaintiffs applied to the District Court under the act of 1853, providing for the incorporation of railroad companies, for the appointment of commissioners to assess the damages suffered by defendants, by reason of laying a railroad track over lands occupied and claimed by them.

Commissioners were appointed, and after investigation filed their report, specifying the amount to be paid to each defendant, stating separately the damages assessed in each case, as the value of the land appropriated by plaintiffs. They also reported that the land in possession of defendants was claimed by certain third persons, who were not parties to that proceeding.

The amount assessed having been paid into Court, was distributed in accordance with the report, except that portion which was assessed as the value of the land taken by the com-

pany. This the Court refused to award the defendants, and from this refusal an appeal is taken.

It was no part of the duty of the commissioners to investigate and report upon the defendants' title to the land they occupied. It was not intended that title to lands should be tried in such proceedings. The defendants being in actual possession, and claiming title, are presumed to be the owners of the land. Hutchinson v. Perley, 4 Cal. Rep., 33. And being in possession, were entitled to compensation before their lands could be taken for public use. See Gunter v. Geary, 1 Cal. Rep., 465.

Judgment is reversed, and the Court below instructed to cause distribution of the funds to be made in accordance with the report of the commissioners.