[No. 11237. Department One. July 23, 1913.]

JENNIE L. HOPE et al., *Appellants*, v. BERIAH BROWN et al., *Respondents.*[1]

BOUNDARIES—LOCATION—PRIMA FACIE CASE—EVIDENCE—SUFFICIENCY. In a controversy over the location of a common boundary line, evidence of a witness that a post was by general reputation supposed to be on the section line, does not necessarily establish *prima facie* the true location of the section line.

EJECTMENT—TITLE—EVIDENCE—BURDEN OF PROOF. In ejectment, peaceable possession by the defendant, acquired without ousting plaintiff, is sufficient evidence of title to place the burden of proof on the plaintiff to show a better title.

[1]Reported in 133 Pac. 612.

Appeal from a judgment of the superior court for Kitsap county, Yakey, J., entered August 3, 1912, upon findings in favor of the defendants, in an action of ejectment, tried to the court. Affirmed.

*Moore, Wardall, Wardall & Martin,* for appellants.

*Geo. M. McKay,* for respondents.

PARKER, J.—The plaintiff seeks to recover from the defendants the possession of a tract of land lying along the common boundary line of two five-acre tracts. The southerly one of these five-acre tracts is owned by the plaintiffs, while the northerly one is owned by the defendants. The controversy arises over the true location upon the ground of the common boundary line running east and west between these two tracts. A trial before the court without a jury resulted in findings and judgment in favor of the defendants, from which the plaintiffs have appealed.

On October 14, 1890, William Motherway owned a large tract of land embracing these two five-acre tracts. On that day he conveyed to Frederick J. Hope the southerly tract, describing it as follows:

"Commencing at the meander post of Dye's Inlet, on the section line between sections 20 and 29, Township 25 North, Range 1 East, W. M.; thence west along the same section line 566.5 feet; thence north 297 feet; thence east 900 feet to the meander line; thence in a southwesterly direction along the meander line to the place of beginning; containing 5 acres, more or less."

On the same day he also conveyed to Harriette E. Williams the northerly tract, describing it as follows:

"Commencing at a point 566.5 feet west, and 297 feet north of the meander post between section 20 and 29 Twp. 25 North, Range 1 east W. M. running thence north 234 feet, thence east 967 feet to the meander line, thence southerly along the meander line, to a point east of the place of beginning, thence west 900 feet to the place of beginning; containing 5 acres more or less."

These two conveyances are the source of the respective titles of the parties to this action, all the mesne conveyances being made by the same descriptions. Thus it is rendered plain that there is no encroachment of one tract upon the other so far as the descriptions in the conveyances are concerned, and that they have a common boundary line running east and west.

There is little else than questions of fact involved in this controversy. Appellants rest their claim to the land in dispute upon an alleged agreed boundary line, and adverse possession; as well as their claimed true location of the section line on the south of their tract. The trial court found against them upon all of these questions. We have carefully read all of the evidence, much of which is conflicting, contained in the somewhat voluminous record, and feel constrained to agree with the trial court in its conclusions upon these questions. We see no useful purpose in a discussion of the evidence in detail here, though we will say a word touching the section line location.

The record is almost wholly barren of any evidence tending to show the true location of the section line upon the ground. Evidence sufficient to convince the court of such location would, of course, be decisive of the controversy, aside from the questions of agreed boundary and adverse possession. Appellants did not offer any evidence which can be regarded as at all convincing showing a survey of that line as claimed by them. Other evidence introduced by them to prove its location consisted only of the testimony of a single witness of some years' residence in the neighborhood, who was asked and answered as follows:

"Q. Was that post by general reputation in the neighborhood supposed to be on the section line between sections 20 and 29? A. Yes, sir."

This referred to a post claimed to be the "meander post" on the section line, mentioned in the descriptions of the conveyances. We think this was not sufficient to warrant us in hold-

ing that the trial court was bound to regard this evidence as even *prima facie* establishing the true location of the section line. It is true, respondents offered no evidence as to the true location of that line, but they were in peaceable possession of the land in dispute, and had acquired that possession without ousting appellants of possession, as the trial court evidently believed and we think was warranted in believing from the evidence. This peaceable possession on the part of respondents was sufficient evidence of title in them to place the burden of showing a better title upon appellants. Our decision in *Dicus v. Major*, 72 Wash. 398, 130 Pac. 474, and the authorities there reviewed support this view.

We conclude that the judgment must be affirmed. It is so ordered.

Gose, Mount, and Chadwick, JJ., concur.