[No. 24508. Department Two. July 24, 1933.]

DUNGENESS CEMETERY ASSOCIATION, *Appellant*, v.
JAMES LOTZGESELL et al., *Respondents*.[1]

*Trumbull, Severyns & Trumbull,* for appellant.

*Joseph H. Johnston* and *Wm. J. Conniff,* for respondents.

MAIN, J. —This action was brought to quiet title to
a small tract of land. The defendants, James Lotz-
gesell and wife, denied the claim of the plaintiff, and
by cross-complaint sought to quiet in themselves the
title to the land in dispute. The cause was tried to the
court without a jury, and resulted in findings of fact
from which it was concluded that neither the plaintiff

[1]Reported in 24 P. (2d) 81.

nor the defendants had established title. Judgment was entered to the effect that the plaintiff take nothing by the action, and that the defendants take nothing by the cross-complaint. From this judgment, the plaintiff appeals.

No statement of facts or bill of exceptions has been brought to this court, and the case is here upon the findings of fact only. These may be summarized as follows: February 10, 1888, the then owners of what is called the John Thornton donation claim, in Clallam, county, conveyed to that county two and one-half acres in square form in the southeast corner thereof for cemetery purposes. The description in the deed was as follows:

"Beginning at a point at the southeast corner of John Thornton's donation claim (said southeast corner being the southeast corner of the farm known as the Payne farm); from thence north three hundred and thirty feet; from thence west three hundred and thirty feet; from thence south three hundred and thirty feet; and from thence east three hundred and thirty feet to the place of beginning. Meaning to contain and convey two and one-half acres in a square form in the southeast corner of the Payne farm. Said land being now and to be used by the county of Clallam as a cemetery and for no other purpose whatever."

The county entered into possession of the tract of land conveyed, improved the same, and constructed a fence enclosing it. Subsequently, and on August 2, 1913, the county conveyed the tract to the appellant, a non-profit corporation organized under the laws of this state. The description of the property in this deed coincides with the description in the deed to the county made some years before.

The respondents are the owners of a tract of land to the east of the cemetery tract. The initial point of the description in the deed of the respondents was the

southwest corner of a certain lot in a named section, township and range. The initial point in the deed to the county, under which the appellant claims, was the southeast corner of the John Thornton donation claim, as appears from the description above set out. These two initial points were supposed to be at the same place. The court found that the original government stake or monument marking and fixing the southeast corner of the John Thornton donation claim and the southwest corner of the tract owned by respondents had been destroyed, and that the exact location thereof had not been definitely fixed by the evidence.

The eastern boundary of the John Thornton donation claim, from a point beginning at the northeast corner thereof and extending south for a distance of approximately one and one-quarter miles and to a point approximately seven hundred feet north of the southeast corner of the claim, had been fixed and marked upon the ground, and the line so fixed and marked had been recognized as the true line by the land owners of both the east and west sides thereof. If that line were produced to the south seven hundred feet, it would locate the southeast corner of the donation claim and the southwest corner of the tract owned by the respondents at a point approximately forty feet and six inches east of the southeast corner of the cemetery tract. Between that line, as produced, and the east fence line of the cemetery, there would be a tract of land three hundred thirty feet long and forty feet six inches wide, and this is the tract that is in dispute.

Whether the appellant had the right to have its title thereto quieted depends, first, upon whether the east fence line of the cemetery was the line fixed by the description in its deed or a line projected north from the southeast corner of the donation claim. The southeast corner, as found by the court, not having

been located and fixed by the evidence, the appellant's description in the deed cannot be said to extend beyond its east line as fenced.

In addition to this, if it be assumed that the southeast corner of the donation claim was definitely fixed, it would not follow that the appellant was entitled to the disputed tract. In such an event, there would be a conflict, in that the amount of land within the specific description in the deed would be less than was conveyed, if the intention was that the southeast corner of the cemetery and the southeast corner of the donation claim should coincide. Where the language of the description renders the location of the land doubtful by insufficient or inconsistent description, the construction put upon the deed by the parties in locating the premises upon the ground may be resorted to for the purpose of determining their intention. *Davies v. Wickstrom,* 56 Wash. 154, 105 Pac. 454, 134 Am. St. 1100. In this case, from the facts found, we think it definitely appears that the property intended to be conveyed was that which was located upon the ground, fenced and improved, and used and occupied for a great number of years.

By virtue of its deed, the appellant was not entitled to have the title to the disputed strip quieted in it.

Neither was it entitled to have the title thereto quieted in itself on the ground of peaceable and exclusive adverse possession as against the respondents. There is no finding that the appellant was in such possession or had made improvements thereon. The court expressly found that whatever improvements were made on the forty-foot strip east of the cemetery fence were made by voluntary contributions of labor on the part of the public, and whatever use was made thereof was a public use and did not "constitute adverse use or possession by the plaintiff [appellant]

herein or by its grantor Clallam county.'' Parenthetically, it may be said that the court found, in the same connection, that the use made of the tract by the respondents and their predecessors did not constitute adverse use or possession.

The appellant, not being in adverse and exclusive possession at the time the action was instituted and not being entitled to the property by virtue of the description in the deed, as we have seen, could not maintain an action to quiet title thereto. *Dicus v. Major,* 72 Wash. 398, 130 Pac. 474; *Hope v. Brown,* 74 Wash. 421, 133 Pac. 612.

The judgment will be affirmed.

BEALS, C. J., TOLMAN, STEINERT, and BLAKE, JJ., concur.